**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **THE WIELAND-DAVCO CORPORATION** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **DOUBLE D CONSTRUCTION, LLC** | **MAGISTRATE JUDGE** |

## COMPLAINT

The Wieland-Davco Corporation ("**Wieland**") files this Complaint against Double D Construction, LLC ("**Double D**"), and alleges as follows:

## PARTIES

1. Wieland is a corporation organized under the laws of the State of Michigan, with its principal place of business in Lansing, Michigan.

2. Double D is a Louisiana limited liability company. Upon information and belief, its sole member is Dusty James Dubroc, a citizen and resident of Louisiana.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Double D because it is a Louisiana limited liability company and this action arises from its agreement to perform, and its performance of, construction work in Keithville, Louisiana.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Wieland's claims occurred in this District.

## FACTS

6. Wieland, as contractor, entered into a contract with the owner of Chimp Haven to perform work at the Chimp Haven project in Keithville, Louisiana (the "**Project**").

7. On or about September 23, 2025, Wieland and Double D entered into a subcontract under which Double D agreed to perform certain earthwork at the Project (the "**Subcontract**"). (The earthwork Double D agreed to perform is referred to below as the "**Subcontract Work**.").

8. Under the Subcontract, Double D agreed to furnish all labor, materials, equipment, supervision, and other items necessary to perform the Subcontract Work in a good and workmanlike manner and in compliance with the Subcontract and the other Project contract documents.

9. Double D also agreed to perform the Subcontract Work according to Wieland's Project schedule and to provide sufficient labor, materials, equipment, and supervision to meet that schedule.

10. Double D failed to provide sufficient manpower to perform the Subcontract Work diligently and on schedule.

11. Double D failed to complete its scope of work, left portions of the Subcontract Work incomplete, and performed other portions defectively or contrary to the Project contract documents.

12. Double D's inadequate staffing, incomplete work, and deficient performance delayed and interfered with the Project schedule.

13. Double D also failed to pay some or all of its vendors. Upon information and belief, Double D ultimately paid those vendors after Wieland notified it of that default.

14. Wieland repeatedly notified Double D of its failures to perform and the resulting risk of harm to Wieland and the Project.

15. Wieland also repeatedly notified Double D of the effects of its nonperformance and of Wieland's intention to supplement the Subcontract Work at Double D's expense.

16. Despite those notices, Double D failed to timely cure its delays and deficient performance or complete the Subcontract Work as required.

17. Because of Double D's defaults, and after notifying Double D of its intention to supplement the Subcontract Work at Double D's expense, Wieland contracted with 3 Gen Construction, LLC to complete Double D's work and prevent further delay or damage to the Project.

18. As a result of Double D's defaults, Wieland incurred direct costs of not less than $174,817.00, including amounts paid or payable to 3 Gen Construction, LLC and HMR Electrical Contracting, LLC. That amount accounts for a credit due Double D for scope deleted because of a design change.

19. In addition to those direct costs, Wieland incurred administrative costs, project-management costs, and other costs recoverable under the Subcontract in an amount of not less than $100,000.00.

20. Wieland is also entitled to overhead and profit under the Subcontract in amounts to be established at trial.

21. Double D has failed to reimburse Wieland for the costs caused by its breaches of the Subcontract.

## CAUSES OF ACTION
### Count One: Breach of Contract

22. Wieland incorporates the allegations in paragraphs 1–21 as though fully set forth herein.

23. The Subcontract is a valid and enforceable contract under which Double D was obligated to timely and properly perform the Subcontract Work.

24. Double D breached the Subcontract by, among other things:

a. Failing to timely complete the Subcontract Work;

b. Failing to furnish sufficient labor, materials, equipment, and supervision to meet the Project schedule;

c. Failing to perform the Subcontract Work in a good and workmanlike manner and in compliance with the Project contract documents;

d. Performing defective work and failing to timely correct it;

e. Failing to cure its delays and deficient performance after notice from Wieland;

f. Failing to pay its vendors when required; and

g. Failing to reimburse Wieland for the costs it incurred because of Double D's breaches.

25. Double D is liable for the damages caused by its failure to perform the Subcontract, including its untimely, incomplete, and defective performance, under La. C.C. arts. 1994 and 2769.

26. Double D's breaches caused Wieland to incur the costs of supplementing and completing the Subcontract Work and the additional administrative, project-management, and other costs described above.

27. Wieland is entitled to recover its damages under the Subcontract and applicable law, including La. C.C. art. 1995. Those damages include not less than $174,817.00 in direct costs

and not less than $100,000.00 in additional administrative, project-management, and other contractual costs, together with overhead and profit in amounts to be established at trial, without duplication of recovery.

28. Wieland also seeks interest as allowed by law and, as the prevailing party, its actual attorney's fees, expert fees, and costs under Article VIII(D) of the Subcontract.

**Count Two: Negligent Workmanship**

29. Wieland incorporates the factual allegations in paragraphs 1–28 as though fully set forth herein and pleads this claim in the alternative to its breach-of-contract claim.

30. In undertaking and performing the earthwork at the Project, Double D owed Wieland a duty to exercise reasonable care and the skill ordinarily exercised by contractors performing similar work under similar circumstances. That duty included performing the earthwork in a good and workmanlike manner and exercising reasonable care in supervising its performance.

31. Double D breached that duty by performing portions of the earthwork defectively, failing to exercise reasonable care in the performance and supervision of that work, and failing to timely correct its deficient workmanship after repeated notice from Wieland.

32. Double D's negligent workmanship was a cause in fact and a legal cause of Wieland's damages, including the portion of the direct costs and additional administrative, project-management, and other costs described above attributable to that negligent workmanship.

33. Under La. C.C. arts. 2315 and 2316, Wieland seeks recovery of all damages caused by Double D's negligent workmanship, in amounts to be established at trial, together with interest and costs as allowed by law.

## PRAYER

WHEREFORE, Wieland requests that Double D be summoned to appear and answer this Complaint and that, after due proceedings, judgment be entered in favor of Wieland and against Double D:

A. Awarding not less than $174,817.00 in direct costs caused by Double D's breaches of contract and, alternatively, the portion of those costs caused by its negligent workmanship;

B. Awarding not less than $100,000.00 in additional administrative, project-management, and other costs recoverable under the Subcontract, together with overhead and profit in amounts to be established at trial, and, alternatively, all additional damages caused by Double D's negligent workmanship, without duplication of recovery;

C. Awarding interest as allowed by law;

D. Awarding actual attorney's fees, expert fees, and costs under Article VIII(D) of the Subcontract; and

E. Granting all other legal and equitable relief to which Wieland is entitled.

Respectfully submitted,

*/s/ Reid A. Jones*

John M. Madison, Jr. No. 8836
Reid A. Jones No. 34611
WIENER, WEISS & MADISON
A Professional Corporation
330 Marshall Street, Suite 1000
P.O. Box 21990
Shreveport, Louisiana 71120
Telephone: (318) 226-9100
Facsimile: (318) 424-5128
Email: jmmadison@wwmlaw.com
rjones@wwmlaw.com

*Counsel for Plaintiff, The Wieland-Davco Corporation*